# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT STOCK,<br><br>                Plaintiff,<br><br>vs.<br><br>ELIAS D. RODRIGUEZ, SR., and C.R. ENGLAND, INC., a Utah Corporation,<br><br>                Defendants. | 4:17CV3038<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the motions in limine filed by Plaintiff (Filing No. 74) and Defendants (Filing No. 81). The Court will grant the motions in part, and deny them in part, as set forth below.

## I. Plaintiff's Motions in Limine

Plaintiff moves the Court for an order in limine to prevent Defendants from offering any evidence or testimony regarding: (1) Plaintiff's criminal history on the basis that any of his felony convictions are more than ten years old, Fed R. Evid. 609(b); (2) Plaintiff's work conduct at any job before or after this accident because Plaintiff is not presenting a claim for future wage loss, Fed. R. Evid. 401, 403; and (3) Plaintiff's alcohol detox and/or treatment, Fed. R. Evid. 403. (Filing No. 74).

As to (1), Defendants argue that it is premature for the Court to rule on the admissibility of Plaintiff's criminal history until the time of trial. Defendants further argue that Plaintiff's felony conviction will be admissible as impeachment evidence under Fed. R. Evid. 609(a)(1) because Plaintiff was released from confinement less than 10-years ago and the Rule 403 balancing test weighs in favor of its admissibility. (Filing No. 84). Rule 609(a)(1) provides that evidence of a crime "punishable by . . . imprisonment for more than one year . . . *must* be admitted, subject to Rule 403, in a civil case . . ." to attack a witness's credibility. Fed. R. Evid. 609(a)(1)(emphasis added). Rule 609(b) provides that, "if more than 10 years passed since the witness's conviction *or release from confinement for it, whichever is later*," a felony conviction may nevertheless be admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and if the proponent provides the opposing party with reasonable notice of its use. See Fed. R. Evid. 609(b)(emphasis added). During the Final Pretrial Conference,

counsel represented to the Court that Plaintiff's felony conviction, for burglary or other theft-related offense, was in 2008, but he was released from confinement from that conviction less than 10-years ago. Therefore, Rule 609(b) is inapplicable. Pursuant to Rules 609(a)(1) and 403, the Court finds that Plaintiff's credibility is important to the issues in the case and, at least at this time, it appears that evidence of this felony conviction is admissible to impeach Plaintiff as its probative value outweighs any prejudice. Accordingly, the Court will deny Plaintiff's motion as to (1) subject to reassertion at trial.

Defendants object to (2) because, although Plaintiff withdrew his claim for future lost wages, he still is claiming past lost wages in the amount of $110,000. Defendants assert that testimony from Plaintiff's past employers as to the employability of Plaintiff is relevant to his claim that he would have stayed at his employer for the duration that he claims and to show the unreasonableness of the amount he seeks for past wages. The Court finds that Plaintiff's work performance and employability are relevant to his claim for past lost wages, and will therefore deny Plaintiff's motion as to (2) subject to reassertion at trial.

Defendants do not object to Plaintiff's motion as to (3) to the extent the topic is not admissible in and of itself. Therefore, the Court will grant Plaintiff's motion in limine as to (3), subject to reconsideration at trial if Plaintiff places its relevance at issue.

## II. Defendants' Motions in Limine

Defendants move the Court for an order in limine to prevent Plaintiff from offering evidence or testimony regarding: (1) the existence of liability insurance or insurance coverage indemnifying Defendants or Plaintiff for damages that may be awarded as a result of a judgment in this matter, and regarding the payment of workers' compensation benefits to Plaintiff following the accident in this case, Fed. R. Evid. 411, 401, and 403; (2) the alleged danger or threat that semi-trucks or tractor-trailers pose to other drivers on public roadways, Fed. R. Evid. 411, 401, 403; (3) Plaintiff's claim for $110,000 in past lost wages as it is speculative and unparticularized and was not pled; (4) Plaintiff's claim for loss of future earning capacity; (5) Plaintiff's claim for any property damage; (6) a certain video tape produced for Hoy Trial Lawyers; (7) Plaintiff's cancer diagnosis following the accident and any alleged relation to the accident; (8) medical bills incurred by Plaintiff after March 30, 2016; (9) any report, opinion, or testimony from any of Plaintiff's retained or non-retained expert witnesses that are not identified as a testifying witness for trial,

including, but not limited to, Dr. James Brunz; (10) any photographs, and/or other documents that were not disclosed or produced by Plaintiff; and (11) any witnesses that Plaintiff did not properly disclose pursuant to Rule 26(a).

Plaintiff does not object to (1), (2), (4), (8), (10), or (11), and therefore the Court will grant Defendants' motions as to those items.

Plaintiff objects to (3) because he disclosed past lost wages in his Answers and Responses to Defendants' Interrogatories and Request for Production of Documents (First Set) served August 22, 2017, and in his trial exhibits. Plaintiff has at least one exhibit addressing his claim for past lost wages, and the Court cannot say at this time that Plaintiff's claim is so speculative or unsupported that he should be precluded from presenting his evidence on that claim. The Court will deny Defendants' motion as to (3).

As for (5), Plaintiff agrees he is not asking for an award of property damage but asks to show the jury the amount of property damage as a part of his proof of the mechanism of injury. While the probative value of the evidence is somewhat limited, the Court cannot say at this time that Defendants will be unduly prejudiced given the evidence will be submitted to the jury for this limited purpose. Therefore, the Court will deny Defendants' motion as to (5).

Plaintiff objects to (6) because the video shows in part the inside of the truck's cab and the height of the bed and is relevant to show the mechanism of injury that caused Plaintiff's injuries. As discussed during the Final Pretrial Conference, Defendants' motion as to (6) will be granted in part; the video will be admissible with the limitation that any audio or other commentary by Plaintiff's counsel must be redacted or omitted.

As to (7), Plaintiff agrees that his cancer diagnosis is not related to the accident and will not seek to introduce evidence claiming the contrary, but maintains his cancer diagnosis may be relevant for other purposes. Specifically, Plaintiff's previous opioid addiction may be put at issue and therefore evidence that he was recently diagnosed with cancer and prescribed opioids as a result may therefore be relevant. The Court will deny the motion as to (7) subject to reassertion at trial should the issue arise.

The Court heard arguments at the Final Pretrial Conference regarding (9). Dr. Brunz was a treating physician that gave Plaintiff an impairment rating for workers' compensation purposes, as reflected in Plaintiff's medical records. Dr. Brunz is not a designated expert or witness and was not deposed. One of Plaintiff's experts, Dr. Janssen, performed an independent medical

examination of Plaintiff and formed an opinion of Plaintiff's impairment rating based, at least in part, on Plaintiff's medical records and Dr. Brunz's impairment rating. Because Defendants cannot cross-examine Dr. Brunz about his impairment rating, Defendants request that the Court prevent Plaintiff from introducing evidence of Dr. Brunz's opinion.

A district court in *Brennan v. Reinhart Institutional Foods*, No. CIV97-4014, 1998 WL 2017925 (D. S.D. Sept. 17, 1998) *aff'd* 211 F.3d 449 (8th Cir. 2000) was presented with a somewhat similar situation. In that case, the court permitted the plaintiff's vocational rehabilitation expert witness to testify about the plaintiff's impairment rating given by non-testifying doctors in a functional capacity assessment prepared as part of the plaintiff's application for workers' compensation benefits. The defendant objected to such testimony because neither the impairment rating nor the functional capacity assessment were introduced into evidence by those underlying doctors who were qualified to assess the plaintiff's disability. As noted by the court, Federal Rule of Evidence 703 permits an expert to rely on otherwise inadmissible hearsay if experts in the field would reasonably rely on that kind of facts or data in forming an opinion. See Fed. R. Evid. 703; *Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1182 (8th Cir. 1997). Because the plaintiff's expert witness in *Brennan* "testified as to his own opinion in the area in which he is expert, vocational rehabilitation," the court concluded that the witness's "testimony regarding the [p]laintiff's disability rating and her functional capacity evaluation was for purposes of allowing the jury to hear the basis upon which he came to his opinion in his area of expertise." *Brennan*, 1998 WL 2017925 at *4-5.

In this case, the Court does not have Dr. Janssen's expert report or any other information indicating what his opinions are or the basis upon which he made his opinions. It is clear Dr. Janssen may not simply "parrot" Dr. Brunz's opinion or use Dr. Brunz's opinion to "bolster" Dr. Janssen's own credibility. See e.g., *Sims v. State Farm Mut. Auto. Ins. Co.*, No. 4:13CV00371 JLH, 2016 WL 3511712, at *1 (E.D. Ark. Jan. 13, 2016)("Where, however, an expert does not simply rely upon data or facts collected by another expert for use in forming an opinion but, instead, adopts wholesale the opinion of another expert, Rule 703 does not render the testimony admissible."); *Simon v. Select Comfort Retail Corp.*, No. 4:14-CV-1136 JAR, 2016 WL 160643, at *4 (E.D. Mo. Jan. 14, 2016) ("Rule 703 does not permit an expert to simply "parrot" the opinions of other experts."); *Hill v. Fikes Truck Line, LLC*, No. 4:11-CV-816, 2012 WL 5258753, at *3 (E.D. Mo. October 24, 2012)(excluding expert opinion because it adopted "wholesale the opinion

of another expert" and was not based on the expert's own application or analysis). However, if experts in Dr. Janssen's field commonly rely on the type of information contained in the plaintiff's medical records to render an opinion, then Rule 703 permits him to testify as to that basis. See *[Dura Auto. Sys. of Ind. Inc. v. CTS Corp.](), 285 F.3d 609, 613 (7th Cir. 2002)*("[I]t is common in technical fields for an expert to base an opinion in part on what a different expert believes on the basis of expert knowledge not possessed by the first expert; and it is apparent from the wording of Rule 703 that there is no general requirement that the other expert testify as well."); *[In re James Wilson Associates](), 965 F.2d 160, 172-73 (7th Cir. 1992)*("[A]n expert may rely on information provided by non-testifying experts, so long as he does not merely serve as a spokesman for the absent expert, vouching for the truth of his statements."). Therefore, the Court will deny Defendants' motion as to (9) with respect to Dr. Janssen's testimony subject to reassertion at trial.

Defendants also anticipate that Plaintiff may attempt to admit medical records without proper foundation because Dr. Brunz will not be testifying. ([Filing No. 82 at p. 8]()). [Fed. R. Evid. 803(6)]() generally pertains to the admissibility of medical records. Rule 803(6) does not require the authoring physician to testify as to the foundation of medical records; nevertheless, the Court does not have enough information to determine if the foundational requirements of Rule 803(6) have been met. Therefore, the Court will therefore deny Defendants' motion as to (9) with respect to Plaintiff's medical records subject to reassertion at trial.

Upon consideration,

**IT IS ORDERED**:

1. Plaintiff's Motion in Limine ([Filing No. 74]()) is granted in part, and in part denied, as set forth above; and

2. Defendants' Revised Motion in Limine ([Filing No. 81]()) is granted in part, and in part denied, as set forth above.

Dated this 2nd day of October, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge
